RUTTER *v.* THE STATE OF IOWA.

A criminal cause cannot be brought to this court, by agreement of parties, before a final judgment is rendered in such cause.

*Error to the Des Moines District Court.*

D. C. CLOUD, Attorney-General (by *Henry O'Connor*), for the state, moved to quash the writ of error, for the reason that no final judgment had been rendered in the cause.

*David Rorer*, for Rutter, *contra.*

WOODWARD, J.—This is an indictment against the plaintiff in error. A demurrer was filed to the indictment and overruled, and the party pleaded " not guilty." After which, in the record is the following entry : " In this case, by agreement of parties, the matters and things under said demurrer are to be taken to the Supreme Court, as though the case had been finally determined. The attorney for the state now moves that this cause be dismissed, and the writ of error quashed, for reason that there has not been a final judgment rendered therein.

Section 3090 of the Code says: " No writ of error can be sued out in a criminal action, until final judgment has been rendered." The prohibition is express and positive. The parties may waive the process, the notice, &c., by which they are usually brought into this court, and perhaps might waive time in some of its relations, but can they waive a judgment as in this case ? We think not. The statute has bearings which are not merely of a personal nature, and designed for the party's benefit only. If the defendant is acquitted, the question would not come up. If he is convicted, he may be placed in safer custody. By postponing the trial, the chance of escape, of evasion, of the death of witnesses, or their forgetfulness, are multiplied; and possibly

the same question might have to be tried again.    At all events, the practice here sought encourages experimental questions.

If the parties may, by agreement, do what is sought, could they not also take out a writ of error?    It is probable that they saw that such a writ, taken at this stage of proceedings, must be quashed.    And if so, their agreement, without such writ, must be.    We do not think they can waive this provision of the statute.    The cause is stricken from the calendar.    Authorities bearing on such questions, are *Long* v. *Long*, Morris, 381; *Chapman* v. *Morgan et al.*, 2 G. Greene, 374; *Ginn et al.* v. *Rogers*, 4 Gilm. 131; *Kenney et ux.* v. *Greer*, 13 Ill. 432; 6 Texas, 263.